# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES FLOYD, JR.,** | : | Civil No. 3:18-cv-2041 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| **CHAD LIBBY,** *et al.*, | : | |
| Defendants | : | |

FILED SCRANTON NOV 29 2018 PER ___ DEPUTY CLERK

## MEMORANDUM

Charles Floyd, Jr. ("Floyd"), a state inmate currently detained at the Dauphin County Prison, Harrisburg, Pennsylvania, filed the instant civil rights complaint on October 19, 2018, pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as defendants are the following individuals: Chad Libby and Rick Anglemeyer, Adult Probation and Parole employees; Michael Rozman, Dauphin County District Attorney's Office; and Richard Lewis, President Judge of the Dauphin County Court of Common Pleas. (Doc. 1, ¶¶ 2-4).

Floyd seeks to proceed *in forma pauperis*. (Docs. 2, 7). A federal court must dismiss a civil action filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii). For the reasons set forth below, the Court concludes that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

I.  **Standards of Review**

Under 28 U.S.C. § 1915A, federal district courts must "review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding *in forma pauperis* and prisoners challenging prison conditions. See 28 U.S.C. § 1915(e)(2)(B)(ii) (stating "[t]he court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted...."); 42 U.S.C. § 1997e(c)(1) (stating "[t]he Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action ... fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471

2

(M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying FED.R.CIV.P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. Cty of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> Under the pleading regime established by [Bell Atl. Corp. v.] Twombly, 550 U.S. 544 (2007) and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements

3

> [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. 1937. See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679, 129 S.Ct. 1937.

Connelly v. Lane Const. Corp., 809 F.3d 780, 787–88 (3d Cir.2016) (internal citations, quotations and footnote omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). At the second step, the Court identifies those allegations that, being merely conclusory, are not entitled to the presumption of truth. Twombly and Iqbal distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." Iqbal, 556 U.S. at 681. Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## II. Floyd's Complaint

Floyd alleges that on February 20, 2015, he was sentenced to a term of twelve months' probation in Court of Common Pleas of Dauphin County criminal case 1859-2014. (Doc. 1, ¶ 6). His probation was revoked for the failure to pay fines on March 8, 2016, and he was resentenced to an additional twelve months and ordered to pay $25.00 per month. (Id. at 7). This pattern continued for the next two years. (Id. at 8, 9). On

4

April 9, 2018, he was arrested on an unrelated matter and released on $1000.00 unsecured bail. (Id. at 10). However, he remains incarcerated pursuant to a "Probation Detainer." (Id.)

He alleges that Defendants' actions in issuing the probation detainer violate the Fifth, Eighth, and Fourteenth Amendments. (Id. at 15-18). He seeks compensatory and punitive damages. (Id. at pp. 3, 4).

## III. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Floyd's claims are not cognizable under §1983. "[H]arm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under

§1983, unless the conviction or sentence was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, at 486–87 (1994); see also Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("whenever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition."). The Heck doctrine applies to probation revocations decisions. See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir.2006). Floyd seeks damages under § 1983 for his incarceration resulting from the issuance of a probation violation detainer. To the extent that he alleges that his confinement on the detainer violates federal law, a favorable outcome would necessarily demonstrate the invalidity of his detention. Floyd has not successfully challenged the detainer in any state or federal proceeding. The complaint is therefore subject to dismissal for failure to state a claim.

### IV. Leave to Amend

Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must afford the opportunity to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108, 114 (3d Cir. 2002). In this case, it is clear that affording Floyd the opportunity to amend prior to the invalidation of the challenged probation detainer would be futile.

## V. Conclusion

For the foregoing reasons, Floyd's motion for leave to proceed *in forma pauperis* (Doc. 7), will be granted and the complaint (Doc. 1), will be dismissed without prejudice.

An appropriate Order follows.

BY THE COURT:

s/James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**

**Dated:** November 29, 2018